**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-1093
_____

IN RE: KERMIT B. HARRIS,
                                               Petitioner

_____

On a Petition for Writ of Mandamus to the
United States District Court for the Northern District of Ohio
(Related to N.D. Ohio Crim. No. 5:23-cr-00043-001 & Civ. No. 5:25-cv-01633)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 21, 2026
Before:  KRAUSE, MATEY, and BOVE, *Circuit Judges*


(Opinion filed: June 23, 2026)
_____

OPINION[*]
_____

PER CURIAM

    Kermit B. Harris, proceeding pro se and in forma pauperis, petitions this Court for

a writ of mandamus to compel the recusal of the District Judge who presided over his

criminal trial and sentencing from Harris' proceedings related to his motion to vacate his

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

sentence under 28 U.S.C. § 2255. For the reasons that follow, we will deny the mandamus petition.

In July 2024, Harris was convicted of being a felon in possession of a firearm and ammunition under 18 U.S.C. §§ 922(g)(1) and 924(e)(1) in the United States District Court for the Northern District of Ohio. Harris did not appeal. In August 2025, while he was serving his sentence for that crime, he filed a motion pursuant to 28 U.S.C. § 2255 challenging his conviction and sentence. The District Court rejected Harris' § 2255 motion in April 2026, subsequent to the filing of his instant mandamus petition, but prior to this ruling.

In January 2026, Harris filed a petition for a writ of mandamus in this Court, requesting that we order the District Judge who presided over his criminal trial and sentencing to recuse from his § 2255 proceedings.[1] But, under 28 U.S.C. § 1651(a), federal courts may issue writs of mandamus only "in aid of their respective jurisdictions." The Northern District of Ohio is not within this Court's jurisdiction, but rather the Sixth Circuit's. Accordingly, any mandamus petition challenging actions of a District Judge sitting in the Northern District of Ohio must be filed in the United States Court of Appeals for the Sixth Circuit. *See Rodgers v. U.S. Steel Corp.*, 508 F.2d 152, 161 (3d Cir. 1975) (holding "[t]he power to issue such writs [of mandamus] in aid of our potential

---

[1] Accordingly, to the extent that Harris requests that we prevent the District Court from adjudicating the § 2255 motion itself, that request is now moot.

appellate jurisdiction comprehends our responsibility for the orderly and efficient administration of justice *within the circuit*") (emphasis added).

Furthermore, to justify the use of the "drastic remedy," *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005), petitioners must show that they have no other adequate means to obtain the relief desired, have a clear and indisputable right to the writ, and that the writ would be appropriate under the circumstances. *See Haines v. Liggett Grp. Inc.*, 975 F.2d 81, 89 (3d Cir. 1992); *see also Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam). Here, Harris has an adequate recourse in the circuit court in the appropriate jurisdiction.

Accordingly, we will deny Harris' mandamus petition. To the extent Harris requests any additional relief, including in his motion for appointment of counsel, it also is denied.